UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARITO T. DOMANTAY,

     Plaintiff,

v.                                           Case No: 8:16-cv-767-T-JSS

THE UNITED STATES OF AMERICA,

     Defendant.

_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendant to Answer Plaintiff's First Set of Interrogatories ("Motion") (Dkt. 46) and Defendant's response in opposition (Dkt. 47). For the reasons stated below, the Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff brings this action against the United States of America ("the Government") pursuant the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). (Dkt. 26.) Plaintiff alleges that he was injured while grocery shopping at the commissary on the MacDill Air Force Base in Tampa, Florida. (*Id.*) Specifically, Plaintiff alleges that on May 2, 2015, he was waiting in line to buy his groceries when a customer behind him using an electronic shopping cart lost control of the cart, hitting Plaintiff's left knee. (Dkt. 1.)

During the course of discovery, Plaintiff served the Government with his First Set of Interrogatories, consisting of ten interrogatories. (Dkt. 46.) In his April 26, 2018 Motion, Plaintiff asserts that the Government failed to respond to the interrogatories and that Plaintiff conferred in good faith with the Government prior to filing his Motion in compliance with Middle District of Florida Local Rule 3.01(g). (*Id.*) In response, the Government argues that it has responded to

Plaintiff's First Set of Interrogatories. (Dkt. 47.) The Government first served its Responses and Objections to Plaintiff's First Set of Interrogatories, objecting to all ten interrogatories. (Dkt. 47-1.) After conferring with Plaintiff, the Government amended its responses and provided responsive information to all but four of the interrogatories. (Dkt. 47-2.) Plaintiff received the Government's Amended Responses and Objections to Plaintiff's First Set of Interrogatories ("Amended Responses") on April 13, 2018, prior to his filing of the subject Motion. (Dkt. 47-3.) The Government now contends that the remaining four interrogatories are not relevant to Plaintiff's claims and continues to assert its objections. (Dkt. 47.)

## APPLICABLE STANDARDS

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1306 (11th Cir. 2011). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The U.S. Supreme Court held that the term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978). A party, "[o]n notice to other parties and all affected persons," may move to compel discovery. Fed. R. Civ. P. 37(a)(1).

## ANALYSIS

Upon review of the Government's Amended Responses, the Government adequately responded to Interrogatories 1, 4, 6, 7, 8, and 9. (Dkt. 47-2.) Plaintiff's Motion is denied as to those interrogatories. With regard to Interrogatories 2, 3, and 5, Plaintiff seeks information

concerning the Americans with Disabilities Act ("ADA"). (Dkt. 47-2 at 1–2.) For instance, Interrogatory 2 asks whether "the width of the shopping aisles at the MacDill AFB Commissary [is] compliant with the ADA Laws?" and Interrogatory No. 3 asks "[h]ow many people in wheelchairs can be shopping at the same time at the Commissary for the Commissary not to be in violation of the width of the shopping aisles?" (Dkt. 47-2 at 1–2.) In response, the Government objected to both interrogatories as vague, overbroad, not relevant to Plaintiff's claims, and not proportional to the needs of the case as there are no ADA claims at issue and Plaintiff has not alleged that any incident occurred in the shopping aisles. (*Id*.) Likewise, the Government objected to Interrogatory 5 as Plaintiff seeks information regarding whether the commissary has ever been in violation of any ADA law within the past five years. (Dkt. 47-2 at 2.) In his Amended Complaint, Plaintiff alleges claims under the FTCA, not the ADA. (*See* Dkt. 26.) The information Plaintiff seeks does not bear on any issue that is or may be in this case. *See Oppenheimer Fund, Inc.*, 437 U.S. at 351-52. Thus, Interrogatories 2, 3, and 5 seek information that is not relevant, and Plaintiff's Motion is denied as to Interrogatories 2, 3, and 5.

In Interrogatory 10, Plaintiff asks "[h]ow many employees at the commissary were working on May 2, 2015?" (Dkt. 47-2 at 3.) The Government objects, arguing that the interrogatory is vague and overbroad as it does not define the term "employees" and is not relevant to the claims as Plaintiff alleges that he was injured by a customer in an electronic shopping cart, not an employee. (Dkt. 47 at 5; Dkt. 47-2 at 3.) However, the term "employees" is neither vague nor overbroad. Further, the information Plaintiff seeks could reasonably lead to matters that bear on Plaintiff's allegations, such as a possible witness to Plaintiff's incident. Therefore, the Government is directed to supplement its response with the number of employees working at the commissary in the MacDill Air Force Base on May 2, 2015.

Last, the Court notes that while Plaintiff alleged that he complied with the conferral requirement of Local Rule 3.01(g), it appears that he did not do so. M.D. Fla. Local R. 3.01(g); (Dkt. 47 at 3.) All litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," regardless of whether the litigant is represented by an attorney. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Further, the Eleventh Circuit requires pro se litigants to "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Plaintiff is reminded to comply with the Court's Local Rules.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Compel Defendant to Answer Plaintiff's First Set of Interrogatories (Dkt. 46) is **GRANTED** in part and **DENIED** in part.

1. The Government is directed to supplement its response to Interrogatory 10 as stated above within twenty (20) days of this Order. The motion is denied as to the remaining interrogatories.

2. Plaintiff is ordered to comply in good faith with the Federal Rules of Civil Procedure, the Local Rules of Court, and orders of this Court in the future.

**DONE** and **ORDERED** in Tampa, Florida, on June 8, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party